IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2007 JAN 23  AM 10: 44

OFFICE OF THE CLERK

| | |
|---|---|
| TIMERI NEITZKE,<br><br>         Plaintiff,<br><br>vs.<br><br>HUSQVARNA PROF. OUTDOOR<br>PRODS., INC.,<br><br>         Defendant. | Case No.: 4:06-CV-03060<br><br>STIPULATED PROTECTIVE ORDER |

IT IS HEREBY STIPULATED AND AGREED by and among the undersigned to enter into this stipulated protective order to expedite the flow of discovery material in this lawsuit, adequately protect any material entitled to be kept confidential and ensure that protection is afforded to such materials which it includes, but is not limited to, personnel files, disciplinary records, attendance records, compensation records, benefits records and other records relating to Timeri Neitzke's employment with Exmark Manufacturing Company Incorporated as well any other proprietary or confidential aspects of Exmark Manufacturing Company Incorporated's business.

IT IS HEREBY ORDERED THAT any person subject to this Order, as stated herein, shall adhere to the following terms or be subject to contempt:

1.     Certain documents and things have been produced or will be produced in this action by Exmark Manufacturing Company Incorporated produced pursuant to a subpoena duces tecum or otherwise, that may include information that Exmark Manufacturing Company Incorporated may deem to be confidential, contain proprietary information or trade secrets and/or include information sensitive to the business, commercial and financial affairs of Exmark Manufacturing Company Incorporated, which includes, but is not limited to personnel files, disciplinary records, attendance records, compensation records, benefits records and other records relating to Timeri Neitzke's employment with Exmark Manufacturing Company Incorporated as well any other proprietary or confidential aspects of Exmark Manufacturing Company

Incorporated's business and therefore are entitled to protection. Exmark Manufacturing Company Incorporated desires to protect such confidential documents or information against disclosure to competitors and other individuals and entities.

2.      Confidential Documents and/or Information shall be designated by Exmark Manufacturing Company Incorporated and any information derived therefrom shall be handled in strict accordance with the terms of this Protective Order, including the following provisions:

a)      Confidential Documents and/or Information produced by Exmark Manufacturing Company Incorporated shall be for attorney eyes only, absent consent of Exmark's counsel, expressed in writing, or order of Court, and shall be used solely for the purpose of preparation for and trial and may not be used by any other person for any other purpose.

b)      If the attorney's for Timeri Nietzke or Husqvarna Professional Outdoor Products., Inc. desire to use or disclose Confidential Documents and/or Information, produced by Exmark Manufacturing Company Incorporated, to any parties including the party defendant to this action, in conjunction with the present lawsuit, then notice shall be given to Exmark Manufacturing Company Incorporated, in written form to Brian Nolan, attorney for Exmark Manufacturing Company Incorporated, at 1905 Harney Street, Suite 800, Omaha Nebraska, 68102, at least 10 days in advance of the date the confidential documents or information is planned to be used or disclosed so Exmark Manufacturing Company Incorporated has the opportunity to file an objection to the confidential documents or information being used or disclosed.

c)      The United States District Court for the District of Nebraska shall rule on any objections Exmark Manufacturing Company Incorporated makes in conjunction with any confidential documents or information being produced or any objections to confidential documents or information being used or disclosed by the attorney's for Timeri Nietzke or Huqsvarna Professional Outdoor Products, Inc.

d)      Should any confidential documents or information produced by Exmark Manufacturing Company Incorporated be allowed to be used or produced, by either consent of counsel for Exmark or Court order, then the confidential documents or information shall only be used in conjunction with the present lawsuit and disclosed to

qualified persons including: 1) the Court and court staff; 2) Court reporters who record testimony taken in the course of this litigation; 3) deposition and trial witnesses in this lawsuit and 4) the parties to this action.

3.    On final determination of this lawsuit, attorneys for Timeri Nietzke and Huqsvarna Professional Outdoor Products Inc shall assemble and return all documents produced by Exmark Manufacturing Company Incorporated or shall certify in writing that all such documents and copies have been destroyed.  All such copies produced by Exmark Manufacturing Company Incorporated that are not returned or destroyed shall continue to be held subject to the terms of this protective order.

4.    Violation of this Protective Order is subject to the full contempt powers, sanctions and jurisdiction of this Court.  Any party subject to this order who violates or threatens to violate any terms of this Protective Order, the aggrieved party may seek injunctive relief and damages at law without the necessity of showing irreparable injury.

5.    This protective order shall be deemed a binding agreement of the undersigned, their agents, representatives and assigns.

Judge

Approved as to form and content

EXMARK MANUFACTURING
COMPANY INCORPORATED,

Brian D. Nolan
Attorney for Exmark

TIMERI NEITZKE,

Joy Shiffermiller
Attorney for Plaintiff

HUSQVARNA PROF. OUTDOOR
PRODS., INC.

Randall Coffey                    1/10/07
Mark Galus
Attorneys for Defendant